# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| ROOSEVELT BROCKS | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| | ) Case No. 08-1134-WEB |
| BOARD OF COUNTY COMMISSIONERS OF | ) |
| SEDGWICK COUNTY, KANSAS; SHERIFF OF | ) |
| SEDGWICK COUNTY, KANSAS | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This motion comes before the court on a pro se civil right claim arising under Title 42 U.S.C..§1983, by Plaintiff, Roosevelt Brocks, for alleged Eighth Amendment violations by Defendants, the Board of County Commissioners of Sedgwick County (hereafter "BOCC") and Sedgwick County Sheriff, Gary Steed (hereafter "Sheriff Steed").[1]

The case was initially filed in state court but was later removed through a Notice of Removal (Doc. 1) invoking this court's jurisdiction under Title 28 §1441.[2] The plaintiff's claims against these defendants are set out in more detail in his Petition filed in the Eighteenth Judicial

---

[1] Despite the Plaintiff referring to Kansas state statutes and Kansas state court cases, the complaint removed to this court clearly only makes a claim under 42 U.S.C. §1983 for alleged Eighth Amendment violations which were made applicable to the states by the Fourteenth Amendment. The plaintiff appears to make additional claims of a 14th Amendment violations arising from a deprivation of his right to trial in Doc. 9. The court does not construe this as part of his original claim that was removed to this court and therefore will not addressed the allegations. (Doc. 9 at 11).

[2] 28 U.S.C. 1441 provides removal of a case from state court to federal court where a claim is brought under a federal law. As this case is brought under 42 U.S.C. 1983, federal jurisdiction is appropriate.

1

District (Doc. 1, *Original Complaint*, at 5-10). As a pro se plaintiff, Brocks' complaint is to be liberally construed and "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *see also Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).

## I. BACKGROUND FACTS

Brocks was held on misdemeanor charges in the Sedgewick County Detention Center from September 2006 to January 2007. (Doc. 1, *Original Complaint* at 6). Brocks asserts that prior to his incarceration he was under a doctor's treatment plan consisting of a special diet which was taken in coordination with medication regiments addressing his diagnosed medical conditions of: (1) chronic kidney failure (renal insufficiency),(2) hypertension and high blood pressure, and (3) type 2 diabetes. (Id. at 6-7). It is Brocks' contention that under this treatment plan his damaged kidneys were medically estimated to survive 15 years before requiring any transplant. (Id.).

Brocks alleges that during his incarceration at the Detention Facility the medical care he was provided was deficient because it deviated from his diagnosed treatment plan in the following ways:

1. By changing his medications without performing tests;

2. withholding medications;

3. changing dosages on medications without tests;

4. attempting to administer insulin shots and subjecting him to punishment when he failed to comply with orders;

5. providing no special diet;

6. having staff unknowledgeable or unsure of medications given him;

7. only checking blood pressure once a week.

Brocks pleadings assert that the day after being released from the detention center he was admitted to St. Francis Hospital due to kidney failure. While there he underwent surgery to have a catheter placed in his chest and then underwent days of dialysis. He claims that had he not gone to the hospital death may have resulted. (Doc. 5-2 at 4). Brocks acknowledges that the healthcare services provided at the Detention Center were performed by a contracted provider (hereafter, "contractor").[3]

Brocks claims these health complications resulted from the healthcare he received during his incarceration at the Detention Center. The claim before the court maintains that the alleged inadequate medical care violated his Eighth Amendment right to be free from cruel and unusual punishment and affords him a right of action under 42 U.S.C. 1983. Brocks claim names the Board of Count Commissioners of Sedgwick County and the Sheriff of Sedgwick County, who is Gary Steed, as Defendants. It is not clear if the Sheriff is brought under this suit in his individual and/or official capacity; however, in construing the pro se plaintiff's pleadings liberally and looking at the substance of his pleadings the court will consider the claims against the Sheriff in both his individual and official capacity.[4]

The Defendants filed a Motion and Memorandum for Judgment on the Pleadings (Doc. 3 and 4). The defendants' motion asserts that the facts put forth by Brocks are insufficient to

---

[3] The pleadings do not name any specific healthcare provider or an employee of the healthcare provider.

[4] When, as here, "the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." *Pride v. Does,* 997 F.2d 712, 715 (10th Cir.1993).

support his claim(s) under the law.  Specifically, the motion alleges the facts fail because well established law holds that the Defendants cannot be held liable under a theory of *respondeat superior* and that even if consideration of their liability were undertaken, the facts do not support the presence of either Defendants' exhibiting deliberate indifference toward Brocks.

Brocks filed what the court interprets as a Response, despite it being titled "Motion By Plaintiff" on July 28, 2008.  On October 28, 2008 the plaintiff filed a motion for Order, titled "Memorandum in Support of Motion for Judgment to Overrule Defendants' Motion for Summary Judgment."  There is no Motion for Summary Judgment before this court in this case.

Defendants' attorney, Michael North, informed the court by e-mail that since he had not filed a summary judgment motion he would not be opposed to treating the pleading as a supplemental response to his Motion for Judgement on the Pleadings.  Given this pleading (Doc. 9) was made by a pro se plaintiff and that the Defendants do not object to incorporating this pleading in the court's consideration of the Motion for Judgment on the Pleadings, the court will treat Doc. 9 as a supplement to plaintiff's Doc. 5 response.

## II. STANDARD OF REVIEW

The motion states that its motion is made under Fed. R. Civ. P. 12(c), or alternatively under Fed. R. Civ. P. 12(b)(6). (Doc. 3).  The Memorandum notes that the Defendants have filed an answer to the complaint. (Doc 4 at 2).

Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(b) (stating that a motion to dismiss under the rule "shall be made before pleading if further pleading is permitted").  However, because Rule 12(h)(2) permits the court to consider '[a] defense of failure to state a claim upon which relief

4

can be granted' within a Rule 12(c) motion for judgment on the pleadings, the court will treat defendant's motion as if it had been submitted under Rule 12(c). The distinction between the two rules is purely one of procedural formality. The court will employ the same standard that it uses to analyze a Rule 12(b)(6) motion to dismiss to evaluate a Rule 12(c) motion for judgment on the pleadings. *Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002) (internal quotations and citations omitted); see *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

The purpose of a motion to dismiss under 12(b)(6) is to test the legal sufficiency of the complaint assuming all the factual allegations in the complaint are true. *Mobley v. McCormick*, 40 F.3d. 337, 340 (10th Cir. 1994). In making this determination, the court must determine whether the complaint contains enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic, Corp. V. Twombly*–- U.S.—, 127 S.Ct. 1955 1969, 1974, 167 L.Ed.2d. 9226 (2007). Rule 12 (b)(6) does not require detailed factual allegations, but the complaint must set forth grounds of the plaintiff's entitlement to relief through more than labels, conclusions or a formulaic recitation of the elements fo a cause of action. *Id.,* 127 S.Ct. At 1964-65.

In other words, the plaintiff must allege facts sufficient to state a claim which is plausible - rather than merely conceivable - on its face. *See id.* at 1974. The court must still accept the facts alleged in the complaint as true, even if they are doubtful, *id.* at 1965, and it must make all reasonable inferences in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir.2006). But the factual allegations, viewed in this light, " must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. At 1965. The mere metaphysical possibility that some plaintiff could prove *some* set of facts in support of the pleaded claims is

5

insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### III. PLAUSIBLE LIABILITY OF DEFENDANTS

#### *A. Municipal and Official Capacity Liability to §1983 claims*

It is well settled law that municipalities and other local governmental bodies are not subject to liability based on the doctrine of *respondeat superior;* or otherwise stated, these government bodies are not liable under §1983 merely because it employs a person who violated a plaintiff's civil rights. *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

Where a governmental officer has final authority to establish municipal policy that officer may be deemed a decision-make or policymaker and a suit against that officer in his official capacity would be equivalent to a suit against the governmental entity itself. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-84 (1986);*see also Johnson v. Board of County Com'rs for County of Fremont,* 85 F.3d 489, 493 (10th Cir.1996). Thus a similar analysis is undertaken in determining liability to the BOCC and the Sheriff in his official capacity. [5]

To attach liability under § 1983 to municipalities or policymakers courts have required a plaintiff to identify a "policy" or "custom" that caused the plaintiff's injury. *Board of County Com'rs of Bryan County, Okl. v. Brown* 520 U.S. 397, 403-404 (1997) (citing *Monell* at 694; *Pembaur,* 476 U.S. at 480-481; *City of Canton v. Harris,* 489 U.S. 378, 389-390 (1989).

Locating a "policy" ensures that a municipality is held liable only for those deprivations

---

[5] Viewing the pro se non-moving party's facts as true, the Sheriff may satisfy being designated a policy-maker from his authority to employ or establish healthcare contractors.

resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Brown,* 520 U.S. at 403-404 (citation omitted). Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decision maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law. *Id.*

Upon citing a policy or custom a plaintiff must then demonstrate that through its deliberate conduct, the municipality or policymaker was the "moving force" behind the injury alleged. *See Brown,* at 404. That is, a plaintiff must show that the action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Id.*

If the plaintiff asserts the alleged custom or policy comprised a failure to act, he or she must demonstrate the municipality's inaction resulted from "deliberate indifference to the rights" of the plaintiff. *Harris,* 489 U.S. at 389. More specifically, if the inaction theory rests on an alleged failure to train, the plaintiff must prove "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need" for additional training." *Id.* at 390, 109 S.Ct. at 1205.

The complaint and all additional pleadings under consideration by this court appear to assert a *respondeat superior* theory of liability for the alleged Eighth Amendment violations. As is well established, neither the county nor its policymakers may be subject to liability on a theory of *respondeat superior*.

However, Brocks' claim may successfully move forward if the facts show some custom

7

or policy supports a causal link between his alleged deprivation and the BOCC and/or the Sheriff(in his official capacity).  The facts presented fail to display any deliberate choice through any policy or custom by the BOCC or the Sheriff that directly, or through omission(s), could be linked to Brocks' health deprivation allegations.

The facts do not clearly indicate who is responsible for the policy under which the contractors are employed.  Nonetheless, the court notes that the contracting of health services is itself legal and that there are no allegations presented supporting the existence of widespread healthcare deficiencies by these contractors nor any policy or custom supporting inadequate or deficient healthcare.[6]

The pleadings make no reference to the BOCC or the Sheriff's knowledge of Brocks' healthcare concerns or of Brocks' attempts to bring awareness of his alleged deprivations to them.  The pleadings also make no reference to any knowledge the BOCC or the Sheriff had of any concerns of the contractors from other inmates.  Under the facts alleged there were no glaring healthcare concerns presented to BOCC or the Sheriff, thus there could have been no obvious need to address any healthcare inadequacies.  One cannot be deliberately indifferent without some knowledge of the alleged situation.  The only claim the facts presented may

---

[6] The analysis the court undertakes in determining whether a policy or custom was clearly outlined was discussed under similar circumstances of this case in *City of Canton, Ohio v. Harris,* wherein the court stated: *"Monell's* rule that a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the city is responsible. (Footnote omitted).  That much may be true. The issue in a case like this one, however, is whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent "city policy." It may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. (Footnote omitted). In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury. (Footnote omitted)." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389-390 (1989).

support would be for that of negligence, however the facts do not show a violation of U.S. Constitution.

### B. Sheriff's Personal Liability under §1983

Similar to municipalities, as a general matter, §1983, does not recognize a concept of strict supervisor liability for supervisory personnel. *Fogarty v. Gallegos* 523 F.3d 1147, 1162 (10th Cir. 2008); see also *Rizzo v. Goode,* 423 U.S. 362, 376, (1976). Yet in situations where an " 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise," the supervisor may be personally liable. *Fogarty, 523 at 1162 (quoting Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir.1993)). Regardless, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir.1997).

A superior possesses no § 1983 duty, solely by reason of his position, to compensate a person whose constitutional rights have been violated by subordinates. Rather, liability arises to a superior only where the superior personally either acted unconstitutionally or with deliberate indifference. "[I]t is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish "a deliberate, intentional act by the supervisor to violate constitutional rights." *Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir.1992) (citing *City of Canton,* 489 U.S. at 389, 109 S.Ct. at 1205).

A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance.

9

*Woodward* 977 F.2d at 1400 (citing *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1478 (3d Cir.1990)); *see also Kite v. Kelley,* 546 F.2d 334, 337 (10th Cir.1976).

The actions necessary to raise an 8th Amendment constitutional claim for healthcare deprivations generally require the defendant to exhibit "deliberate indifference" toward the plaintiff. *See* U.S.C.A. Const. Amend. 8*; Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). Deliberate indifference involves both an objective and a subjective component." *Sealock,* 218 F.3d at 1209. The objective prong is satisfied by a factual showing that the inmate's medical need was "objectively sufficiently serious, and that the defendants' delay in meeting that need caused [him] substantial harm." *Mata v. Saiz,* 427 F.3d 745,752 (10th Cir. 2005). The subjective component is met if the defendant exhibits "deliberate indifference" to the inmates' serious medical need. *Sealock,* 218 F.3d at 1209.

Therefore, to establish a constitutional violation Brocks must prove two elements: (1) objectively, Brocks' medical needs were "sufficiently serious" and (2) subjectively, Sheriff Steed acted with deliberate indifference[7] towards Brocks' health needs.

---

[7]The subjective component of a deliberate indifference claim requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). It is not enough to allege that prison officials failed "to alleviate a significant risk that [they] should have perceived but did not." *Id.* "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (citation omitted). "The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.' " *Estelle*, 429 U.S. at 105-06. Moreover, mere disagreement with the medical judgment of prison medical staff, or inadvertent or negligent failure to provide medical care, are insufficient to show the deliberate indifference required for an Eighth Amendment violation. *See Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 (10th Cir. 1999). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir.1996) (quotation omitted). "The prisoner's right is to medical care-not to the type or scope of medical care which he personally desires." *Coppinger v. Townsend,* 398 F.2d 392, 394 (10th Cir.1968). "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect." *Self v. Crum,* 439 F.3d 1227, 1232 (10th Cir. 2006).

The plaintiff alleges that he lost a kidney as a result of the deprivation, thus the medical need is sufficiently serious. However, there are no facts put forth regarding Sheriff Steed's personal participation in the contractor's healthcare services or a causal link to the alleged deprivation. Further, even under a liberal interpretation of the facts nothing is put forward supporting Sheriff Steed personally directing the alleged violation or having actual knowledge of Brocks' or another inmate's healthcare deprivations, much less acquiescing or encouraging its continuance. The plaintiff's accusations are directed at the contractors not the sheriff. Therefore, the facts put forth are incapable of imposing liability on Sheriff Steed in his personal capacity and as such the 1983 claim against him is dismissed.

## IV. CONCLUSION

To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation. *Jenkins v. Wood,* 81 F.3d 988, 994 -995 (10th Cir. 1996) *Ruark v. Solano,* 928 F.2d 947, 950 (10th Cir.1991); *Snell v. Tunnell,* 920 F.2d 673, 700 (10th Cir.1990); *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir.1976).

Under the facts put forth, the parties named as defendants and accused throughout the pleadings cannot be found to have caused or contributed to the alleged Constitutional violations. Accordingly, the §1983 claims against the BOCC and the Sheriff, Gary Steed, in his individual and official capacity, are DISMISSED.

IT IS SO ORDERED on this 26th day of November 2008.

                                                      **S/Wesley E. Brown**
                                                      WESLEY E. BROWN
                                                      U.S. District Court